Judge Rowan
delivered the opinion of the court.
Casey exhibited his bill against Allen and Moore, and af-terwards his amended bill. His allegations were, that he and the defendant, B: Moore, had, contracted to exchange lands. He was to convey to Moore 1000 acres in Union county, estimated in the contract at $2,200; Moore was to convey to him two tracts in Bullitt county, the one of two, and the other of three hundred acres, estimated at $1800, and to pay him $400 in horses: that Moore paid him the $400 in horses, and executed to him his bond for the conveyance of the two aforesaid tracts in Bullitt, and that he executed to Moore his bond for the conveyance of the 1000 acres in Union. Mbore, at the time he executed his aforesaid bond, represented that the legal title to the two aforesaid tracts was in Joseph Brooks, of Bullitt county: that thev had been Sold under a decree of the Bardstown district court, and purchased at the sale bv one Stephen Henderson, and assigned by'him to James Terrell, and by James Terrell assigned to him, Moore: that he would procure the title as soon as he conveniently could, and convey to Casey. Moore was at that time in good credit and circumstances: Complainant had then and still has title in and to the tract so exchanged by him. .
The two aforesaid bonds (Casey’s and Moore’s) were pfoffered and made part of the bill, and bear date the 4th day of May, 1804. Bernard Moore, on the 27th of that month, .assigned the bond of Casev to his brother, Benjamin Moore, who, on the 27th dav of the ensuing June, assigned the same to the defendant, Allen, to whom Casey refused' to convey until Bernard Moore should convey to him the two aforesaid tracts, or evince a capacity and willingness to do so. Casey had, in June, 1804, laid off and surveyed the 1000 acres selected by Benjamin Moore, the (then) as-signee of his bond, preparatory to a conveyance thereof- *466 In March, 1807, Casey, by the consent, and at the request l*le defendant, Allen, and upon a written agreement with' him, that his equity should not be affected or- impaired thereby, conveyed to Dempsy Waller 200 acres out of thé 1000 acre tract aforesaid* as an equivalent for (he $400 which he had received in horses. Bernard Moore became insolvent, and left the state', without having taken any effectual means to obtaiii the title, and convey to Casey the two aforesaid tracts of land. Allen, as assignee of Casey’s bond, commenced suit thereoU against Casey, who, after halving made an unavailing attempt to plead the above mat/ ter in bar thereof, confessed judgment for $2,684, reserving equity. Allen answered the bill, stating that he knew nothing of the original contract between complainant and defendant Moore; admitted that he had, as assignee of Casey’s bond, commenced suit and obtained judgment thereon, as stated in the bill of complainant: that he hail been influenced to make the purchase Of the said bond by the re^ presentation of Casey, made in June, 1804, in the woods, when the tract was laid off by him for Benjamin Moore, as aforesaid: that Casey bad stated tó him that the title to thé said tract was good, and that if he purchased, the conveyance would be made at any time; — that he had been paid therefor. All the material allegations of complainant are, we think, sufficiently supported by the proof in the cause. The bill, as against Bernard Moore, was regularly taken for confessed. ■
The court below decreed Casey to convey the land, and made the injunction perpetual as to all but the costs. Casey appealed.
Two questions present themselves: — 1st, was Allen induced, by Casey’s representations, to make the purchase?— And next, has he been, or is he likely to be injured thereby ? As to thefirst, we think the character of the representations stated to have been made by Casey, too indefinite and equivocal to be much relied Upon. Wilson, a witness on the part of flie defendant, proves, that St the time Casey was laying off this tract for Benjamin Moore, in a conversation which took place in the woods, among several persons, Casey proposed to sell some land to Allen; that afterwards Benjamin Moore proposed to sell that tract to Allen, upon which Casey said that the tract was a good one, the title thereto safe, and that Bernard Moore had given him $2,20(4 for it; that if he bought it he would make him the convey- *467 ¡apeé at any time. This statement was not Heard by any other of the several persons who were present when Wilson represents it to have been made by Casey. The fact of its having been made is therefore very questionable. The consideration that it did not correspond with the existing facts, and Casey’s other conduct thereon, renders its verity still more doubtful. He had not received the consideration money: he was disinclined to convey at.any time before he should receive it, else he would have conveyed to Benjamin Moore at that time.
To C0Bipel aperformance ?? * “ ass,gnee> cause the as-slSuee was a'av-en cure his money bytpe representa-repasen tal tic,ns must w^tiíaconci-ousness that *!ley [hey * must have been u->estiy covfdd 11⅛, not sptcili-e(1 ject to a i »*' -mere deml-/££**0* ,,'evercompel a coun-ac; er* ^¡s‘g wcmia npt.
But upon the supposition that Wilson’s recollection is accurate, and his veracity unquestionable, it would seem that the expressions of Casey were of a fugitive sort, uttered casually jn a mixed conversation in the woods, resulting from impulse, rather than reflection. But expressions of that sort, which may have escaped an individual in relation to his contracts, or transactions of any kind, should be cau-tioasly received when they'are to be made the basis of liability. It is the deliberate will and intention of the person Uttenng words, fairly inferred therefrom, and not their ked verbal import, that ought to subject him. In such case the person making the representations should be apprised, by the person to whom they are made, of the purpose f°r which they are required. They should be made deliberately, with a coneiousness on the part of the person making them, that they would be confided in by the person to whom they were made; and then to subject the person making them, it must be shewn by the person confiding therein, that he has been injured thereby. In the present case Allen did not call on Casey, stating'that he Was about to purchase that bond, and wished to know if there was any difficulty iq the transaction between him and Moore. Casey’s tion was not called by Alien to that subject. JNo were made by him in relation thereto, Casev, at the time he uttsred the expressions, had no reason,; to suppose ttiqt Allen would predicate a contract upon his confidence therein. We do not therefore think that either the representations, or the proof of them, are sufficient,’ in this case, to support a decree in favor of Allen. But suppose they were,: it remains to be enquired, how far Allen has been, or is likely to be injured thereby ?
It is neither alledged nor proved by Allen, that the said Benjamín is insolvent, or that confiding in the representations made by Casey, he has released him from his liability *468 as assignor of Casey’s bond; on the contrary, the solvency of Benjamin Moore is strongly indicated in the answer'of Alien,
Hardin for complainant in error.
All the decisions of this court in cases of this class, from the case of Jackson and Short, up to that of fJiáy and Morrison, indicate clearly, 1st, that the representations should have been deliberately made; 2dh , that they should ¡have beep honestly confided in; and lastly, that the person confiding should have sustained an injury thereby. Every case, without this requisite, is a case of damnum absque inr jun'u, to which no relief is extended either in law or equity. The proof, moreover? in this description of case, should be clear and satisfactory; for the law will not, upon light or conjectural grounds, oblige a man to part with his free-bold. Much of the reasoning upon which the statute of frauds is predicated, applies, we think, to this description of case.
It is therefore decreed and ordered that the decree aforesaid be reversed, set aside, and held for naught; that the cause be remanded, arid that a decree be entered in the court jjeiow perpetuating complainant’s injunction with costs against defendant.